UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **CRUM & FORSTER SPECIALTY INSURANCE COMPANY,** | § | |
| **Plaintiff,** | § | |
| **v.** | § | **CIVIL ACTION NO. 3:25-CV-2745-B** |
| **EAST TEXAS TOWERS LLC, et al.,** | § | |
| **Defendants.** | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court is Defendants Dustin Joshua Hight, Tyler Bryan Browning, and Melissa Jane Browning (collectively, the "Underlying Plaintiffs")'s Motion to Dismiss Plaintiff Crum & Forster Specialty Insurance Company ("CFSIC")'s Complaint (Doc. 12). For the reasons below, Defendants' Motion to Dismiss is **DENIED**.

**I.**

**Background**

This is a declaratory judgment action brought by an insurer against the parties to a lawsuit (the "Underlying Lawsuit") currently pending in Texas state court.[1] Doc. 1, Compl., 1. At issue here is a general liability insurance policy[2] (the "Policy") issued by CFSIC to Defendant East Texas Towers, LLC ("ETT"). *Id.* at ¶ 16. Under the Policy, CFSIC agreed to defend and indemnify ETT

[1] The "Underlying Lawsuit" is styled *Dustin Joshua Hight, Tyler Bryan Browning, and Melissa Jane Browning v. East Texas Towers, LLC et al.*; Cause No. CC-25-03808-A; in the County Court at Law No. 1, Dallas County, Texas. Doc. 1, Comp., 1.

[2] CFSIC issued Policy No. GLO-801599 to "East Texas Towers LLC" on November 3, 2023, which expired on November 3, 2024. *Id.* at ¶ 16.

in lawsuits brought within the policy guidelines. *Id.* at ¶¶ 16-17. The Policy's classification limitation endorsement limited CFSIC's coverage to only claims arising out of ETT's trucking business.[3] *Id.*

On May 14, 2025, the Underlying Plaintiffs filed suit in Texas state court against ETT, amongst others, alleging that they sustained personal injuries while decommissioning a telecommunications tower constructed by ETT. *Id.* at ¶¶ 10-14. The Underlying Plaintiffs contend that ETT's defective construction of the tower caused it to collapse while they were still tethered to it. *Id.* They assert claims of negligence, gross negligence, and premises liability, amongst other theories, against ETT. *Id.* at ¶ 14.

ETT tendered a demand to CFSIC to defend and indemnify ETT in the Underlying Suit. *Id.* at ¶ 18. Although CFSIC agreed and is currently defending ETT, it did so subject to a full and complete reservation of rights. *Id.* Now exercising its reservation of rights, CFSIC contends that the Policy does not cover ETT's alleged conduct in the Underlying Lawsuit because the classification endorsement bars coverage for claims unrelated to ETT's trucking business. *Id.* at ¶ 19.

Accordingly, CFSIC seeks a declaration from this Court that it has no duty to defend or indemnify ETT in the Underlying Lawsuit. *Id.* CFSIC has joined the Underlying Plaintiffs as defendants in this action because of their interest in the potential outcome. *Id.* at ¶ 27.

Pursuant to Rule 12(b)(6), the Underlying Plaintiffs have now moved to dismiss CFSIC's claims against them, arguing that CFSIC has failed to state a claim upon which relief can be granted.[4] *See* Doc. 12, Mot. The Court considers the Motion below.

---

[3] CFSIC alleges that, at the time the Policy was issued, ETT was no longer in the business of constructing telecommunications towers but rather operated exclusively in the trucking industry. *Id.* at ¶¶ 16-17.

[4] ETT has not answered or otherwise responded to the Complaint despite being properly served. *See generally* Doc. 22, Mot. for Default J.

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rule 12(b)(6) authorizes a defendant to move for dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, the "court accepts all well pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation omitted). To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (citation modified).

## III.

## ANALYSIS

The Underlying Plaintiffs assert that CFSIC's claims against them should be dismissed for two reasons. First, they argue that CFSIC failed to plead sufficient facts to show that a justiciable controversy exists. *See* Doc. 12, Mot., ¶¶ 1-2. Second, they argue that they are not proper parties because CFSIC does not allege any legal relationship between the Underlying Plaintiffs and CFSIC. *Id.*

In response, CFSIC argues that there is a ripe, actual controversy, and the Underlying Plaintiffs are proper parties to the action because they are in privity with Defendant ETT. *See* Doc.

14, Mot. Resp. Br., 1-2 The Court addresses each of the Underlying Plaintiffs' arguments for dismissal in turn.

A. *An Actual Controversy Exists Between CFSIC and the Underlying Plaintiffs*

First, the Underlying Plaintiffs assert that an actual controversy does not exist between them and CFSIC. Consequently, they argue that dismissal of the claims against them is warranted.

"A declaratory judgment action is justiciable 'only where an "actual controversy" exists.'" *Ironshore Specialty Ins. Co. & Columbia Cas. Ins. Co. v. Cantex Continuing Care Network, LLC*, No. 3:25-CV-3020-S, 2026 WL 3019233, at *3 (N.D. Tex. Oct. 7, 2026) (Scholer, J.) (quoting *Orix Credit All, Inc. v. Wolfe*, 212 F.3d 891, 896 (5th Cir. 2000)). Whether "an 'actual controversy' within the meaning of the Declaratory Judgment Act" exists is decided on a case-by-case basis. *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 272-73 (1941). Courts must examine "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273.

The Supreme Court in *Maryland Casualty*, answered the overarching question of whether an actual controversy can exist in a declaratory judgment action brought by an insurer against parties to an underlying state court suit. *Id.* In *Maryland Casualty*, the underlying plaintiff brought suit in state court against the insured for injuries sustained in an automobile accident. *Id.* at 270. While the underlying action was pending, the insurer filed suit in federal court seeking a determination that it had no duty to defend or indemnify the insured in the state court action. *Id.* at 271-72. The underlying plaintiff demurred to the complaint on the ground that it did not state a cause of action against him. *Id.* at 272.

The *Maryland Casualty* court concluded that the facts alleged in the complaint satisfied the test for whether an actual controversy existed between the insurer and the underlying plaintiff. *Id.* at 274. The court rested its decision on the consideration that the district court's interpretation of the insurance policy could result in a conflicting judgment with the state court's interpretation. *Id.* The court explained that if the underlying plaintiff was dismissed from the federal action, the district court could issue a non-binding judgment that the insurer was not obligated under the policy, while the state court in a supplemental proceeding could conclude otherwise. *Id.* Thus, the court held that an actual, immediate controversy existed between the insurer and the underlying plaintiff. *Id.*

Undertaking the fact-specific *Maryland Casualty* inquiry, the Court concludes that an actual controversy exists between CFSIC and the Underlying Plaintiffs. Well-established precedent supports this finding. *See Atl. Cas. Ins. Co. v. Ramirez*, 651 F. Supp.2d 669, 678-79 (N.D. Tex. 2009) (Furgeson, J.) (finding an actual controversy existed in a declaratory judgment action between an insurer and injured party suing the insured); *Max Specialty Ins. Co. v. Heydarian*, No. EP-10-CV-319-KC, 2011 WL 13235042, at *2-*5 (W.D. Tex. Jan. 23, 2011) (same); *Crum & Forster Specialty Ins. Co. v. Smallwood*, No. 4:23-CV-01079-P, 2024 WL 3049850, at *2-3 (N.D. Tex. June 18, 2024) (Pittman, J.) (same).

The Underlying Plaintiffs are suing to obtain a judgment which ETT contends CFSIC is liable for under the Policy. Thus, the Underlying Plaintiffs will have a legal right to enforce the Policy against CFSIC if they obtain a judgment against ETT in the Underlying Lawsuit. As potential judgment creditors, the controversy is not too remote as to justify dismissing the Underlying Plaintiffs. The fact that a final judgment has not been rendered in the Underlying Lawsuit does not preclude finding that their interest is real and substantial. This conclusion is further substantiated

by the *Maryland Casualty* court's policy concerns of inconsistent findings. If the Court were to dismiss the Underlying Plaintiffs from this action, a future judgment would be non-binding on them and the state court could reach an opposite conclusion as to CFSIC's Liability. Accordingly, the Court finds that CFSIC alleges enough facts to support the existence of an actual controversy.

B. *The Underlying Plaintiffs are Proper Parties to the Action*

Second, the Underlying Plaintiffs argue that they are not proper parties to the suit as a matter of law because Texas substantive law bars CFSIC from bringing suit until a judgment is issued in the Underlying Lawsuit. Doc. 12, Mot., ¶¶ 1-2.

"A declaratory judgment action is merely a vehicle that allows a party to obtain an 'early adjudication of an actual controversy' arising under other substantive law." *Klein v. O'Neal, Inc.*, Nos. 7:03-CV-102-D, 7:09-CV-094-D, 2009 WL 3573849, at *2 (N.D. Tex. Oct. 30, 2009) (Fitzwater, J.) (quoting *Collin County v. Homeowners Ass'n for Values Essential to Neighborhoods*, 915 F.2d 167, 170 (5th Cir. 1990)). "Where the claims are based on state law, the relief sought must be available under state law." *Vanliner Ins. Co. v. DerMargosian*, No. 3:12-CV-5074-D, 2014 WL 11395, at *2 (Jan. 13, 2014) (Fitzwater, J.). "Accordingly, the court must determine whether, under Texas law, an insurer is permitted to maintain a prejudgment declaratory action against its insured and the parties suing the insured to determine the insurer's duty to defend and indemnify the insured." *Id.*

While CFSIC brings its claims under the Declaratory Judgment Act, 28 U.S.C. §§ 2201–02, the basis for its claims lies in Texas state law.[5] Thus, CFSIC must go beyond satisfying the requirements of Article III and demonstrate that the relief it seeks is available under Texas law.

[5] CFSIC does not dispute that its claims are based in Texas state law. *See* Doc. 14, Mot. Resp. Br., 8.

The Underlying Plaintiffs argue that Texas substantive law bars CFSIC from bringing this action against them until a judgment is rendered in the Underlying Lawsuit. They rely on two Texas state court cases applying the "no direct action rule" to support this proposition. *In re Essex Ins. Co.*, 450 S.W.3d 524, 526 (Tex. 2014) ("In Texas, the general rule . . . is that an injured party cannot sue the tortfeasor's insurer directly until the tortfeasor's liability has been finally determined by agreement or judgment.") (quotation omitted) (alteration in original); *Gracida v. Tagle*, 946 S.W.2d 504 (Tex. App.—Corpus Christi 1997). However, their reliance is misplaced as neither case supports the proposition that the "no direct action rule" bars suits in the inverse context present here—where an insurer sues the injured party for declaratory judgment.

*In re Essex* involved a plaintiff who brought suit for personal injuries against a defendant and subsequently added a claim for declaratory judgment against the defendant's insurer. 450 S.W.3d at 525. Similarly, *Gracida* involved an injured party moving to intervene in a declaratory action between an insurer and insured. 946 S.W.2d at 505-06. Hence, both cases were decided on entirely different postures than this case since it was the underlying plaintiffs attempting to assert rights against the insurer.

Both courts, in dismissing the injured party, grounded their decision in the longstanding "no direct action rule" under Texas law. *In re Essex*, 450 S.W.3d at 527; *Gracida*, 946 S.W.3d at 507. Under the no direct action rule, an injured party cannot "directly su[e] [the tortfeasor's] liability insurer to recover benefits under the insurance policy until the [tortfeasor's] liability has been established. *In re Essex*, 450 S.W.3d at 527. The *In re Essex* court extended the application of the rule from injured parties seeking money judgments to declaratory actions brought by the injured party. *Id.* at 526. The court explained that allowing an injured party to pursue claims against the defendant

for liability and the insurer for coverage of that liability in the same suit would result in significant prejudice to both. *Id.* Specifically, it would create a conflict of interest for the insurer as it could not, in good faith, both argue that the defendant is not liable and that they should not be liable if the defendant is found liable. *Id.*

While the Court finds the policy concerns of the *In re Essex* court to be well-founded, it concludes that they are not present here. There is no risk here of prejudice to CFSIC and ETT by CFSIC having to take inconsistent positions in the same trial. Further, the Court finds no basis to extend the rule to bar insurers from joining the injured party to an action to determine their liability in the underlying lawsuit. Accordingly, the Court holds that the privity of the underlying lawsuit between the Underlying Plaintiffs and ETT provides the necessary legal relationship to render the Underlying Plaintiffs proper parties to the action.

While the Underlying Plaintiffs do not have any contractual relationship with CFSIC, they are third party beneficiaries of ETT's liability insurance policy because they derive any right against CFSIC through the Policy. It follows that the Underlying Plaintiffs are in privity with ETT since they share the same legal interest in collecting under the policy. *See Natl. Am. Ins. Co. v. Breaux*, 368 F. Supp.2d 604, 620 (E.D. Tex. 2005) ("[P]rivity connotes those who are in law so connected with a party to the judgment as to have such an identity of interest that the party to the judgment represented the same legal right." (citing *Benson v. Wanda Petrol. Co.*, 468 S.W.2d 361, 363 (Tex. 1971)). Because the Underlying Plaintiffs and ETT share the same legal interest, the Underlying Plaintiffs are proper parties to defend the suit against CFSIC.

Other courts in this circuit have endorsed this rationale in finding injured parties to be proper parties to declaratory judgment actions brought by insurers. *See Vanliner*, 2014 WL 113595,

at *3 (emphasis in original) ("An *insurer*, however, can obtain a prejudgment declaration that it owes no duty to defend its insured in a pending lawsuit"); *Breaux*, 368 F. Supp.2d at 621 ("In this instance, because the [underlying plaintiffs] derive their right, if any, to collect insurance proceeds directly from the rights of [the underlying defendant], they are deemed to be in privity by virtue of their shared legal interest."); *Tudor Ins. Co. v. Williams*, No. 3:09-CV-00219-P, 2009 WL 10704760, at *3 (N.D. Tex. July 30, 2009) (Solis, J.) (concluding an actual controversy existed because of the underlying plaintiff and insured were in privity).

The Underlying Plaintiffs do not present any other argument to support the assertion that they are not proper parties to the action. Accordingly, the Court concludes that CFSIC alleges sufficient facts that the Underlying Plaintiffs are proper parties to the action.

## IV.

## CONCLUSION

For the reasons above, the Court concludes that CFISC alleges enough facts to establish that an actual controversy exists between itself and the Underlying Plaintiffs, and that the Underlying Plaintiffs are proper parties to the declaratory judgment action. Accordingly, the Court **DENIES** the Underlying Plaintiffs' Motion to Dismiss (Doc. 12).

**SO ORDERED.**

**SIGNED: October 26, 2026.**

**JANE J. BOYLE**
**SENIOR UNITED STATES DISTRICT JUDGE**